# CASES

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—MARCH TERM, 1897.

### John B. Mallers v. Whittier Machine Company.

1. LIS PENDENS—*Former Suit Dismissed Without Paying Costs.*—There is no rule of law requiring a form er suit to be considered as pending after it has been dismissed until the defendant's costs have been paid, or compelling a plaintiff to pay the costs of a first action before he is suffered to proceed with a second upon the same ground.

**Assumpsit**, on two promissory notes.—Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed April 15, 1897.

CHAS. B. STAFFORD, attorney for appellant, contended that for the purposes of a plea of *lis pendens* a suit should be considered pending in cases of non-suit until the plaintiff had made good defendant's costs. White v. Smith, 4 Hill (N. Y.) 166; S. C., 7 Hill, 520.

HAWLEY & PROUTY, attorneys for appellee.

Upon the dismissal of a suit for want of jurisdiction, it is proper for the court to give judgment for costs against the defendant. LeMoyne v. Harding, 132 Ill. 78; Bangs v. Brown, 110 Ill. 96.

Such a judgment is final and disposes of the case, but it does not bar another suit for the same causes of action in another court of competent jurisdiction. 1 Freeman on Judgments (4th Ed.), Sec. 17.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal is from a judgment of $7,204, recovered against appellant in an action of assumpsit brought by appellee as endorsee of two promissory notes for $3,000 each, made by appellant.

To the action, the appellant filed his verified plea of a former suit pending between the same parties, for the same causes of action, in the Circuit Court of the United States for the Northern District of Illinois, Northern Division, which plea concluded by praying judgment of the writ and that the same might be quashed, and was therefore a plea in abatement of the suit. No other plea was interposed.

Appellant, in his brief, states the issue, as follows:

" The issue raised in this case is whether or not a plaintiff who suffers an enforced non-suit can, without reimbursing the defendant for court costs expended, compel the defendant to again contest upon the self-same claim in regard to which the non-suit was rendered. The facts in this case, as shown by the abstract, are, in brief, these: Plaintiff company sued the defendant upon two promissory notes in the United States Circuit Court, Northern District of Illinois, Northern Division. Defendant appeared and regularly pleaded a number of defenses. At the time of the trial, the suit was dismissed on motion of defendant for want of jurisdiction, and defendant's costs to the amount of $13.11 were taxed against the plaintiff; plaintiff has never paid these costs. And utterly indifferent to the expense incurred by the defendant without reimbursement, plaintiff instituted suit in the Superior Court of Cook County, upon the self-same issues involved in the previous suit. The parties are the same and the subject-matter of the suit is the same.

Mallers v. Whittier Machine Co.

The plaintiff is a corporation non-resident in Illinois, and without any property or business representative, so far as is ascertainable."

Appellant concedes that no Illinois authority in support of his contention can be found, but relies on the reason and justice of his proposition, and upon White v. Smith, 4 Hill, 166, and the opinion of Senator Lott in the same case, 7 Hill, 520.

An examination of the New York cases referred to, and some others, indicates the prevalence in that State at one time of a practice concerning voluntary discontinuances of suits, and the effect thereof, never known in this State, and not elsewhere pursued so far as we know, and we will not stop to point out the inapplicability of those decisions to this case.

We have been able to find no authority to sustain appellant's position, that a former suit remains pending after it has been dismissed until the defendant's costs have been paid.

In Tidd's Practice, p. 538, some instances are given in which a stay of proceedings in a subsequent suit will be granted until the costs of a prior one are paid, but it is there said that there is "no general rule by which a plaintiff is compelled to pay the costs of a first action before he is suffered to proceed with the second," and it is not mentioned as ever having been held that a plea in abatement would be good to a second action, either in the same or in any other court, because of the costs in the first action remaining unpaid.

There may be such a semblance of justice in appellant's position as would prompt the legislature to provide for such cases, but courts are not at liberty to make laws. No other claimed error is argued.

The judgment of the Superior Court will be affirmed. This disposition of the case renders it unnecessary to mention appellee's motion to strike out the bill of exceptions.

Appellee asks for damages under the statute permitting such in case an appeal be prosecuted for delay merely, but we do not feel that in this case damages should be awarded.